UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VANESSA BLEDSOE AND MICHEAL BLEDSOE | * * | DOCKET NO. HURRICANE CASE |
| | * | JUDGE: |
| VERSUS | * * | |
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY | * * | MAGISTRATE JUDGE: |

**NOTICE OF REMOVAL**

Defendant American National Property and Casualty Company (hereinafter "ANPAC"), appearing through undersigned counsel, files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 23RD Judicial District Court, Parish of Ascension State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

**I. PROCEDURAL HISTORY**

1.

Plaintiffs, Vanessa Bledsoe and Michael Bledsoe ("Plaintiffs") filed this lawsuit in the 23rd Judicial District Court, Parish of Ascension for the State of Louisiana, against American National Property and Casualty Company, on June 1, 2023. The case was captioned "*Vanessa Bledsoe and Michael Bledsoe v. American National Property and Casualty Company*" Docket No. 137232 Division 3 (*See* Petition for Damages, Citation and Proof of Service upon ANPAC through the La. Secretary of State on July 19, 2023, Mailing of Petition by Secretary of State-to-ANPAC through Corporation Service Company on July 20, 2023, Receipt by Corporation Service Company of

Petition from La. Secretary of State on July 21, 2023, attached hereto and marked for identification as "Exh. A" PAGE 1 -14).

2.

The petition alleges "ANPAC insured the property of Plaintiffs located at 11172 N. Terrell Avenue, Gonzales LA under No. 17-X-237-5E4-4 which was in full force and effect on August 29, 2021 (Exh. A. at p.2 ¶5). Plaintiffs allege "the above property was damaged as a result of winds associated with Hurricane Ida." (Exh. A. at p.2 ¶9). Plaintiffs allege they "engaged the services of CAS Claims Solutions to prepare an estimate for the replacement of the damaged to their home. The estimate approximated damages in the amount of $296,499.77." (Exh. A. at p.3 ¶11). Plaintiffs additionally alleges they are owed $55,871.05 ($106,871.05- $51,000 ANPAC payment) for Coverage C personal property damage" (Exh. A. at p.3 ¶14). Plaintiffs also allege that they are owed Loss of Use Coverage D in the amount of $ 3,346.16 for expenses incurred due to loss of use in their kitchen" (Exh. A. at p.3 ¶15). Finally, Plaintiffs allege "to date, ANPAC has failed to reinspect the property and failed to make additional payments for Coverages A, B, C and D. ANPAC still owes $202,101.01 for damages along with all attorney's fees and penalties allowed under Louisiana Law." (Exh. A. at p.7 ¶32).

3.

State Farm removes this action from the 23RD Judicial District, Parish of Ascension to the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq*.

**II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332 AS THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 EXCLUSIVE OF INTEREST AND COSTS AND THE PARTIES ARE DIVERSE IN CITIZENSHIP**

4.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States."

5.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).

6.

The petition on its face establishes that the amount in controversy exceeds SEVENTY-FIVE THOUSAND and No/100s ($75,000.00) DOLLARS, exclusive of interest and costs as Plaintiffs specifically allege "to date, ANPAC has failed to fully pay for all of the damages sustained to Plaintiffs' home.  ANPAC still owes $202,101.01 for damages along with all attorney's fees and penalties allowed under Louisiana Law." (Exh. A. at p7.  ¶11  ).

7.

ANPAC is a foreign insurance corporation incorporated in the State of Missouri.  ANPAC has its principal place of business in the State of Missouri. ANPAC is a citizen of the State of Missouri. Plaintiffs are residents of and domiciled in Ascension Parish in the State of Louisiana and citizens of Louisiana. The parties are diverse in citizenship.

3

8.

While ANPAC admits no liability nor any element of damages, it is apparent from the facts set forth in this notice of removal that the matter in controversy exceeds $75,000. ANPAC has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

### III.   STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

9.

ANPAC was served with the petition through its statutory agent for Service of Process, the Louisiana Secretary of State on July 19, 2023 (See Exh. A Service Return).  The Secretary of State forwarded the petition to ANPAC on July 20, 2023. (See Exh. A. Letter from Secretary of State). The CSC received service of the pleading on behalf of State Farm on July 21, 2023.  "[C]ourts in the Fifth Circuit have held that the time for removal commences when the defendant actually receives formal process, as opposed to when service is made on the Secretary of State as the defendant's statutory agent." *Brown v. S.L. Netterville Logging, Inc.* 09-200, 2009 WL 1875755 (M.D. La. June 26, 2009) (Brady, J., Riedlinger, M.J.) (unpublished) citing to *Manuel v. Unum Life Ins. Co. of America*, 932 F. Supp. 784 (W.D. La. 1996) (30-day period for removal did not commence upon service of Secretary of State, but upon insurer's actual receipt of copy of that pleading); *Crescent City Holdings, LLC v. Scottsdale Ins. Co.*, 2008 WL 783592 (E. D. La. March 25, 2008) (general rule is that 30-day clock does not begin to run when a statutory agent such as the secretary of state is served, but begins to run when defendant or someone serving as defendant's agent in fact receives process); (other citations in footnote omitted).

10.

This Notice of Removal is filed within thirty (30) days after service of the petition on ANPAC through its agent CSC on July 21, 2023.

11.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332 (a)(2), which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different states.

12.

The 23RD Judicial District Court for the Parish of Ascension, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

13.

No previous application has been made by ANPAC for the relief requested herein. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleadings of record served on or by ANPAC to date, are attached hereto as Exhibit A, Bates Stamped EXHIBIT A PAGE 1 – 14. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon J Douglas Sunseri, Kathryn A.E. Sunseri and Cameron J. Windham, Counsel for Plaintiffs Vanessa Bledsoe and Michael Bledsoe, and the Clerk of Court for the 23rd Judicial District Court, Parish of Ascension, State of Louisiana.

## IV. CONCLUSION

14.

Under the applicable provisions of 28 U.S.C. §1441 and other applicable statutes, all of which Defendant, ANPAC, has complied with, this cause of action is removable to the United States District Court for the Middle District of Louisiana.

15.

ANPAC reserves the right to supplement or amend this Notice of Removal.

16.

ANPAC reserves all defenses, and the filing of this Notice of Removal is subject to, and without waiver, of any and all defenses that are or might become, including, but not limited to those available to State Farm.

17.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

Respectfully submitted,

　/s/ Samuel P. Baumgartner　
**SAMUEL P. BAUMGARTNER (35436)**
**DAVID J CREIGHTON (35461)**
Porteous, Hainkel & Johnson L.L.P.
408 N. Columbia Street
Covington, LA 70433-2920
Telephone: (985) 893-4790
Direct Line: (985) 246-7460
Direct Fax: (985) 246-7461
Email: sbaumgartner@phjlaw.com
*Counsel for Defendant State Farm Fire and Casualty Company*

## **CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)**

I hereby certify that on this 26 day of July 2023 a copy of the foregoing Notice of Removal has been sent to the following:

**Counsel for Plaintiffs Vanesse and Michael Bledsoe (Via Email)**
J Douglas Sunseri
Kathryn A.E. Sunseri
Cameron J, Windham
Nicaud & Sunseri Law Firm LLC
3000 18th Street
Metairie, LA 70002
Telephone (504)837-1304
Facsimile (504) 833-2843
jdsunseri@nslawla.com
ksunseri@nslawla.com
cwindham@nslawla.com

AND
Ascension Parish Clerk of Court -efile
23rd Judicial District Court
607 E. Worthey St. 1st Floor
Gonzales, LA 70737

　　　　　　　　　　　　　　　　　　　　　　　_/s/Samuel P. Baumgartner_
　　　　　　　　　　　　　　　　　　　　　　　**SAMUEL P. BAUMGARTNER**